IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-cv-80121-AMC

SARA WATTS,

    Plaintiff,

v.

JOGGERS RUN PROPERTY OWNERS
ASSOCIATION, INC.

    Defendant.

_____/

**DEFENDANT, JOGGERS RUN PROPERTY OWNERS
ASSOCIATION, INC.'S MOTION TO DISMISS THE COMPLAINT**

Defendant, Joggers Run Property Owners Association, Inc. (hereafter "Association"), moves to dismiss the Complaint pursuant to Rule 12(b)(6).

**SUMMARY OF THE ARGUMENTS**

The Second Amended Complaint, much like the Amended Complaint, is due to be dismissed for several reasons. First, the Association cannot be held liable under 42 U.S.C. § 3604(b), because Plaintiff, Sara Watts (hereafter "Plaintiff"), a former homeowner, was not denied the opportunity to purchase or rent housing in the Joggers Run community and has otherwise failed to meet the pleading requirements of Rule 8. Further, Plaintiff has failed to sufficiently plead a claim under either 42 U.S.C. §§ 3617, 1981, or 1982 and has otherwise failed to meet the pleading requirements of Rule 8.

**FACTUAL BACKGROUND**

Plaintiff, Sara Watts (hereafter "Plaintiff"), a black female, is a former resident in the housing community managed by Joggers Run Property Owners Association, Inc. (hereafter

1

"Defendant") [ECF No. 17 ¶¶ 9-10, 39]. At the heart of the Second Amended Complaint, Plaintiff contends she was "singled out for treatment in a discriminatory manner by Defendant because of her race" [ECF No. 17 ¶¶ 65, 84]. Plaintiff alleges that Defendant "engaged in a pattern of continuous intentional discrimination against Plaintiff," which is alleged to have consisted of: (1) numerous violation notices; (2) discriminatory remarks made by members of Defendant's board of directors about non-white individuals; (3) towing Plaintiff's vehicle and selectively enforcing parking rules; (4) having Plaintiff surrender her service animal; and (5) implementing a time limitation on Plaintiff while she would speak at board meetings. [ECF No. 17 ¶¶ 13-18, 24-25, 30, 34, 35, 38, 40, 62, 81].

In the Second Amended Complaint, Plaintiff has asserted the following claims against Defendant:

- Count I: Violation of 42 U.S.C. § 3604(b);

- Count II: Violation of 42 U.S.C. § 3617;

- Count III: Violation of 42 U.S.C. § 1981; and

- Count IV: Violation of 42 U.S.C. § 1982.

[ECF No. 17]. For the reasons below, Defendant submits that dismissal of all four counts is appropriate and, moreover, dismissal of the entire lawsuit, *with prejudice*, is warranted.

## LEGAL STANDARD

A Motion to Dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is

2

plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, and unadorned, the-defendant-unlawfully harmed-me accusations, cannot withstand a Motion to Dismiss." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 1495 (2016). Further, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555 (stating although a complaint need not contain detailed factual allegations, it must "raise a right to relief above the speculative level."). Moreover, "[i]n a civil rights action, more than mere conclusory allegations are required; a complaint will be dismissed where allegations are vague and conclusory." *White v. Florida Highway Patrol, Div. of Florida Dept. of Highway Safety & Motor Vehicles*, 928 F. Supp. 1153, 1156 (M.D. Fla. 1996) (noting "[a] complaint will be dismissed as insufficient where the allegations are vague and conclusory."). Additionally, a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro. 8(a)(2). A motion to dismiss is properly granted where a plaintiff fails to put the defendant on notice as to which reincorporated facts correspond to which Counts, in violation of Rule 8. *Whitney Nat. Bank v. SDC Communities, Inc.*, 809CV01788EAKTBM, 2010 WL 1270264, at

\*3 (M.D. Fla. Apr. 1, 2010).

## ARGUMENT MEMORANDUM OF LAW

### I.     Noncompliance with Rule 8

As a preliminary issue, dismissal of the Second Amended Complaint is appropriate because Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure. In the Second Amended Complaint, Plaintiff attempts to bolster her claims by asserting additional allegations into the "Factual Allegations Common to All Counts," and reincorporating all such allegations into each count. [ECF No. 17 ¶¶ 8-43, 48, 53, 58, 77]. Despite adding numerous allegations to the "Factual Allegations Common to All Counts," some of which have absolutely no relevance to this instant lawsuit, all of the counts are still comprised of the same threadbare "defendant-unlawfully-harmed-me accusations," which is insufficient to support the claims. Addressing a similar issue, the District Court for the Middle District of Florida ruled:

> While Plaintiff does set forth an expansive "Background Facts" section in its First Amended Complaint, which spans ten pages, it fails to allege specific facts supporting its claims…Though the first paragraph in each count reincorporates the factual information contained elsewhere in the complaint by reference, this is not enough to support the individual allegations because it does not even put the defendants on notice of which facts correspond to which Counts. … These counts are examples of "the-defendant-unlawfully-harmed-me accusation" that Iqbal warned against. Therefore, Section IX(A) of Defendants' Motion to Dismiss is granted and Counts I and V of the Amended Complaint are dismissed without prejudice

*Whitney Nat. Bank v. SDC Communities, Inc.*, 809CV01788EAKTBM, 2010 WL 1270264, at \*3 (M.D. Fla. Apr. 1, 2010). Therefore, dismissal of the Complaint appropriate on this basis. *See, id*.

### II.     Dismissal of Count I for Violation of 42 U.S.C. §3604(b)

In Count I, Plaintiff alleges that Defendant violated 42 U.S.C. § 3604(b), a section of the Fair Housing Act of 1968 ("FHA"). Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of *sale or rental of a dwelling*, or in the provision

4

of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b) (emphasis added). "[S]ection 3604 applies only to discrimination related to the acquisition or sale and rental of housing," *Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp. 2d 1133, 1142 (S.D. Fla. 2004), "and not merely the dwelling in general," *Schwarz v. Villages Charter Sch., Inc.*, 5:12-CV-177-OC-34PRL, 2014 WL 12623013, at *7 (M.D. Fla. May 23, 2014). Although the Eleventh Circuit has recently recognized that Section 3604(b) can "reach[] certain post-acquisition conduct," it has made clear that such conduct nevertheless must be "connected to the sale or rental of a dwelling." *Georgia State Conf. of the NAACP v. City of LaGrange, Georgia*, 940 F.3d 627, 632–33 (11th Cir. 2019). Moreover, Section 3604(b) does not extend "to claims of discriminatory conduct relating to the use and enjoyment of previously acquired housing." *Schwarz*, 2014 WL 12623013, at *7.

As with the First Amended Complaint, Plaintiff yet again fails to allege a violation of Section 3604(b) because Plaintiff was and had been, at all material times, a homeowner in the community and because the alleged discrimination did not relate to the buying, selling, or renting of a dwelling. Aside from one passing, generalized allegation that Defendant's supposed conduct was "designed to intimidate Plaintiff's tenants" [ECF No. 17 ¶ 51], there are no other allegations that Plaintiff rented her unit and/or had any tenants—that is, because she did neither. Plaintiff's single, generalized allegation, without more, is insufficient to state a claim under Section 3604(b). Further, while Plaintiff sold her residence [ECF No. 17 ¶¶ 9-10, 39], there are no allegations that Defendant discriminated against Plaintiff or otherwise interfered in any manner whatsoever with the sale. For these reasons, dismissal with prejudice of Count I is appropriate. *See, Lawrence*, 318 F. Supp. 2d at 1143 ("This Court agrees that sections 3604(a) and (b) are limited to conduct that directly impacts the accessibility to housing because of a protected classification, such as race.

While this Court does not condone the comments and conduct of Novillo, the Defendants' failure to stop Novillo did not have any impact on the Lawrences' ability to purchase their home. Hence, the Defendants cannot be held liable under 42 U.S.C. § 3604.").

### III. Dismissal of Count II for "Violation of 42 U.S.C. § 3617"

Section 3617 makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. "A Section 3617 interference claim requires proof of three elements: (1) that the plaintiff exercise or enjoyed 'any right granted or protected by' Sections 3603–3606; (2) that the defendant's conduct constituted interference; and (3) a causal connection existed between the exercise or enjoyment of the right and the defendant's conduct." *Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 335 (11th Cir. 2020); *see also LaGrasso v. Seven Bridges Homeowners Ass'n, Inc.*, No. 20-81163-CV, 2021 WL 3417809, at *9 (S.D. Fla. May 14, 2021), *appeal dismissed sub nom. LaGrasso v. Seven Bridges Homeowners Associations Inc.*, No. 21-12580-JJ, 2021 WL 5071449 (11th Cir. Sept. 27, 2021).

As the Court noted in its *Order Granting Motion to Dismiss First Amended Complaint*, Plaintiff failed to "clearly identify the statutory right(s) affected by the described conduct." [ECF No. 16]. Plaintiff, in the Second Amended Complaint, yet again misses the mark and fails to clearly identify the statutory right(s) affected by the described conduct. Instead, Plaintiff again makes generalized allegations that Defendant's purported conduct was "motivated by discriminatory intent" based on Plaintiff's race, which is alleged to be "sufficiently severe or pervasive as to interfere with the use or enjoyment of Plaintiff's dwellings and the terms, conditions, and privileges thereof." [ECF No. 17 ¶ 55-56]. Plaintiff, however, fails to identify any specific violations of her rights under Sections 3603–3606 resulting from Defendant's alleged

6

conduct. *See United States v. Advoc. L. Groups of Fla.*, P.A., 413 F. Supp. 3d 1225, 1236 (M.D. Fla. 2019) (dismissing Section 3617 claims that did not clearly "identify the FHA right allegedly infringed").

Further, Plaintiff's allegations are insufficient to rise to a claim for violation of section 3617 because they are entirely speculative. See, *Simoes v. Wintermere Pointe Homeowners Assoc., Inc.*, 6:08-CV-01384-LSC, 2008 WL 4790720, at *4 (M.D. Fla. Oct. 28, 2008) (granting a Motion to Dismiss on a claim against HOA officers for violation of section 3617 where the right to relief "would again be merely speculative"); *see also, United States v. Advocate Law Groups of Florida, P.A.*, 413 F. Supp. 3d 1225 (M.D. Fla. 2019) (dismissing section 3617 claims stating "Plaintiffs' theory under this section is shifting and unclear. The United States' Complaint makes no effort to explain which actions of Defendants constituted which prohibited conduct under § 3617. Instead, the United States merely tracks the statutory language" as its allegations).

For the foregoing reasons, Count II should be dismissed with prejudice. *See Noah*, 379 F. Supp. 3d at 1289; *Advocate Law Groups of Florida, P.A.*, 413 F. Supp. 3d at 1236.

**IV.     Dismissal of Count III for "Violation of 42 U.S.C. §1981"**

Count III alleges Defendant violated 42 U.S.C. § 1981, which guarantees "[a]ll persons within the jurisdiction of the United States . . . the same right . . . to make and enforce contracts," which includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)–(b). To state a claim for a violation of Section 1981, a plaintiff must allege (1) intentional racial discrimination (2) that caused a contractual injury. *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). "A contractual injury includes any injury relating

to 'the making, performance, modification, or termination of the contract,' or to 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id*.

Here, the allegations comprising Count III, while verbose, are rife with nothing more than conclusory accusations that Defendant acted with racial animus toward her, without providing sufficient factual support. [ECF No. 17 ¶¶ 58-76]; see also, *Mondy v. Boulee*, 805 Fed. Appx. 939, 942 (11th Cir. 2020) (finding plaintiff is required to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that conclusory allegations that the defendant acted with racial animus were "insufficient to state a plausible claim"); *St. Louis*, 401 F. Supp. 2d at 1359 (finding there was "an absolute dearth of specific facts which would support any inference that Defendant intentionally treated him the way he did because of his race.").

For instance, Plaintiff alleges "Plaintiff was discriminated against based on alleged violations of the contractually agreed to covenants and restrictions of the community Homeowner Association Rules and Regulations." [ECF No. 17 ¶ 63]. However, nowhere in the Second Amended Complaint does Plaintiff identify what "contractually agreed to covenants and restrictions" were violated, or the context and nature of the violated contractually agreed to covenants and restrictions, and whether the same had anything to do with her race. Plaintiff also alleges "Defendant crafted and implemented a plan to harm Plaintiff based on intentional race discrimination." [ECF No. 17 ¶ 64]. Once again, Plaintiff fails to describe the alleged "plan" that Defendants allegedly "crafted" to "harm" Plaintiff. Additionally, Plaintiff claims she was "singled out for treatment in a discriminatory manner by Defendant because of her race." [ECF No. 17 ¶ 65]. However, Plaintiff does not set forth how was she was supposedly "singled out," when this "singling out" allegedly occurred, and who allegedly singled her out. Further, Plaintiff states "when the Defendant acted against the Plaintiff's contractual rights and privileges, it did so in a

8

manner that was directed towards plaintiff and not towards other white members of the community." [ECF No. 17 ¶ 70]. However, Plaintiff fails to specify how the contractual rights and privileges (*i.e.,* contractual rights similar to those of Plaintiff) of "white members of the community" were not allegedly violated by the Association.

Overall, the claim for violation of § 1981 consists of conclusory allegations of unlawful discrimination, without more. Given the absolute dearth of specific facts that would support any inference that the Association intentionally treated Plaintiff differently because of her race, the Association submits Count III should be dismissed. *See*, *St. Louis*, 401 F. Supp. 2d at 1359; *see also*, *White*, 928 F. Supp. at 1159 (dismissing a § 1981 claim for failing to meet the pleading because plaintiff failed to show "that Defendants were reckless or indifferent due to Plaintiff's race").

V.     **Dismissal of Count IV for "Violation of 42 U.S.C. §1982"**

Count IV brings a claim under 42 U.S.C. § 1982, which guarantees "[a]ll citizens . . . the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Courts generally construe Section 1981 and Section 1982 alike because of their "common language, origin, and purposes." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 448 (2008). "To state a claim under § 1982, the plaintiff must allege with specificity facts sufficient to show or raise a plausible inference of 1) the defendant's racial animus; 2) intentional discrimination; and 3) that the defendant deprived plaintiff of his rights because of his race." *Garg v. Albany Indus. Dev. Agency*, 899 F. Supp. 961, 968 (N.D.N.Y. 1995), aff'd sub nom. *Garg v. City of Albany*, 104 F.3d 351 (2d Cir. 1996); see also, *See Razor v. Florida*, 09-23765-CV, 2011 WL 1584205, at *4 (S.D. Fla. Apr. 7, 2011) (finding to state a claim for violations under section 1982, a plaintiff must allege facts to show that: "(1) the plaintiff is a racial

minority; (2) the defendant intended to discriminate on the basis of race; and that (3) the discrimination concerned activities addressed in section 1982.").

Here, Plaintiff has not alleged she was deprived the right to buy, sell, or lease her property, which is fatal to her claim. *See*, *Soto*, CV 17-22090-CIV, 2017 WL 4685301, at *15 (S.D. Fla. Oct. 17, 2017) (dismissing § 1982 claims stating "there are no allegations in the Complaint that Rios-Soto sought to inherit, purchase, lease, sell, hold, or convey real property, or that the Defendants interfered with such rights."); *see also Memphis v. Greene*, 451 U.S. 100, 123 (1981) (holding that "the threshold inquiry under § 1982 must focus on the relationship between" the conduct at issue and "the property interests of the respondents.") *Hill v. Impro Synergies LLC*, No. 1:15cv101, 2015 WL 9942045, at *3 n. 1 (N.D. Fla. Nov. 25, 2015) (noting that "it seems that a § 1982 plaintiff…must identify some property interest of their own that has been impaired.")). Instead, as is clear by the face of the Second Amended Complaint, and as Plaintiff concedes via her allegations, Plaintiff was not denied housing (purchase, sale, or rental) based on her race, or at all. [ECF No. 17 ¶¶ 9-10, 39]. Plaintiff's failure to adequately allege any conduct that interfered with the plaintiff's rights under the statute warrants dismissal. *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 936 (11th Cir. 2011) (affirming dismissal of claims brought under the FHA, Section 1981, and Section 1982 for lack of sufficient factual allegations); *Soto v. City of N. Miami*, No. CV 17-22090-CIV, 2017 WL 4685301, at *15 (S.D. Fla. Oct. 17, 2017) (dismissing a Section 1982 claim for failing to adequately allege any conduct that interfered with the plaintiff's rights under the statute).

## CONCLUSION

For the reasons detailed above, Defendant, Joggers Run Property Owners Association, Inc., requests this Court grant the instant Motion and enter an Order dismissing Plaintiff's

Second Amended Complaint, and granting any further relief it deems just and proper.

**Dated: August 2, 2022**.                Respectfully submitted,

                                           /s/ Eric C. Sprechman

                                           Eric C. Sprechman, Esq.
                                           COLE, SCOTT & KISSANE, P.A.
                                           Esperante Building
                                           222 Lawkview Ave, Suite 120
                                           West Palm Beach, FL 33401
                                           Telephone: (561) 383-9200
                                           Fax: (561) 383-8977

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on August 2, 2022, the foregoing document was electronically filed with the Clerk of the Court using EM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                           COLE, SCOTT & KISSANE, P.A.
                                           *Attorneys for Defendant*
                                           Esperante Building
                                           222 Lakeview Ave., Suite 120
                                           West Palm Beach, Florida 33401
                                           Telephone: (561) 383-9200
                                           Facsimile: (561) 683-8977
                                           eric.sprechman@csklegal.com
                                           sean.hardwick@csklegal.com
                                           peggy.may@csklegal.com

                                      By: */s/ Eric C. Sprechman*
                                           Eric C. Sprechman, Esq.
                                           FBN: 115609
                                           Sean M. Hardwick, Esq.
                                           FBN: 1032057

## SERVICE LIST

Jason S. Remer, Esq.
REMER & GEORGES-PIERRE, PLLC
*Attorneys for Plaintiff*
44 West Flagler St., Suite 2200
Miami, FL 33130
jremer@rgpattorneys.com
pn@rgpattorneys.com
nparedes@rgpattorneys.com
ng@rgpattorneys.com